UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,      MEMORANDUM & ORDER
                                        11-CV-2518(JS)
   -against-

BARRY POLLACK,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:        Douglas M. Fisher, Esq.
                     Solomon & Solomon
                     Five Columbia Circle
                     P.O. Box 15019
                     Albany, NY 12203

For Defendant:        No appearances.

SEYBERT, District Judge:

      Presently pending before the Court is the United States of America's ("Government" or "Plaintiff") motion for a default judgment against Barry Pollack ("Defendant"). For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

      On or about October 8, 1997, Defendant executed a promissory note to secure a loan from the United States Department of Education. The loan was disbursed for $17,771.00 from October 14, 1997 to January 2, 1998 at a variable rate of interest to be established annually. Thereafter, the Government demanded payment in accordance with the terms of the note, and, on July 25, 2002, Defendant defaulted. Pursuant to 34 C.F.R.

§ 685.202(b), a total of $300.19 in unpaid interest was capitalized and added to the principal balance.

On May 25, 2011, Plaintiff commenced this action against Defendant to collect the unpaid principal and interest on the loan. Plaintiff attached to its Complaint a Certificate of Indebtedness stating that as of February 22, 2011, Defendant owed $13,896.67 in principal and $6,218.87 in unpaid interest,[1] with interest continuing to accrue at a daily rate of $1.29 through June 30, 2011 and thereafter at such rate as the United States Department of Education establishes pursuant to 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e.

Defendant never responded to the Complaint, nor did he seek additional time to do so. Plaintiff moved for an entry of default on August 2, 2011, which was entered by the Clerk of the Court on August 4, 2011. On September 2, 2011, Plaintiff moved for default judgment against Defendant.

## DISCUSSION

I. <u>Liability</u>

A defendant's default constitutes an admission of liability, so all of the well-pleaded allegations in the Complaint that pertain to liability are deemed true. <u>See</u> <u>Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.</u>, No. 06-CV-1878,

---

[1] A total of $10,533.43 was credited from the total amount due to account for all payments received from any source.

2

2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  Thus, in defaulting, Defendant has admitted that he failed to make payments to Plaintiff in accordance with the terms of the note and, therefore, defaulted on his student loan.  This is sufficient to establish Defendant's liability.  See Garden City Boxing Club, Inc. v. Morales, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)).

However, whether to grant a default judgment is left to the sound discretion of the district court.  See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). In making this determination, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt.'"  O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)).  As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default.  See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect" (second alteration in original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999))).

As to the first factor, the failure of Defendant to respond to the Complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was properly served on June 30, 2011 with a Summons and a copy of the Complaint. As noted above, Defendant never answered or responded in any way to the Complaint; nor did he request an extension of time to do so. The docket therefore

4

removes any doubt and clearly establishes that Defendant has willfully failed to respond to the Complaint.

Next, the Court must consider whether Defendant has a meritorious defense. The Court is unable to make a determination whether Defendant has a meritorious defense to Plaintiff's allegations because he has presented no such defense to the Court. Where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). The Complaint, the allegations of which are deemed admitted by Defendant in light of his default, describes the factual allegations that underlie Plaintiff's demand for immediate payment on student loans extended on October 14, 1997 through January 2, 1998.

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for default was denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct.

27, 2008). As all three factors have been met, a default judgment is warranted.

II. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc., 973 F.2d at 158; Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.") Rather, Plaintiff must prove damages. See, e.g., Joe Hand Promotions, 2007 WL 2891016, at *2.

Here, Plaintiff seeks $13,896.67 in principal on the loan and $6,218.87 in accrued interest, plus additional interest in the amount of $1.29 for each day following February 22, 2011 through the date of judgment. In support of these figures, Plaintiff provides the Certificate of Indebtedness issued by the Department of Education. Courts in this district have previously awarded plaintiffs damages relying solely on Certificates of Indebtedness. See, e.g., United States v. Benain, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); United States v. Gellerstein, No. 08-CV-2702, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011); United States v. Tobee,

6

No. 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010). Accordingly, Plaintiff is entitled to the amount stated therein, plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is GRANTED. Accordingly, the Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $13,896.67 in unpaid principal, $6,218.87 in accrued interest, an additional $1.29 in interest for each day after February 22, 2011 until judgment is entered, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961. The Clerk of the Court is also directed to mark this matter closed.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  June __21__, 2012
        Central Islip, NY

7